O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EFFICIENT FRONTIERS, INC., | ) | Case No. CV 16-06920 DDP (AGRx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO DISMISS** |
| | ) | |
| v. | ) | |
| | ) | [Dkt. 21] |
| JOSEPH MARCHESE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is Defendant Joseph Marchese's Motion to Dismiss the First Amended Complaint and for Sanctions Against Plaintiff's Counsel Pursuant to 28 U.S.C. § 1927. After considering the parties' submissions and hearing oral argument, the court grants the motion and adopts the following Order.

**I. BACKGROUND**

On July 7, 2015, Reserve Media, Inc. ("Reserve") filed suit against Efficient Frontiers, Inc. ("EFI") seeking declaratory relief that its use of the term "RESERVE" does not infringe on any valid trademark rights of EFI or otherwise violate EFI's rights. *See Reserve Media, Inc. v. Efficient Frontiers, Inc.*, Case No. CV 15-5072 DDP (AGRx) (the

"Related Case"). In the course of that ligation, EFI brought a counterclaim against Reserve asserting, *inter alia*, claims of trademark infringement. (*See* Dkt. 18-3.) According to the Scheduling Order issued in the Related Case, the deadline to amend pleadings or add parties was March 1, 2016. (*See* Request for Judicial Notice ("RJN"), Ex. 1.)[1] Further, trial was scheduled to commence on December 13, 2016. (*Id.*)

On October 30, 2015, Reserve identified Joseph Marchese in its initial disclosures. (RJN, Ex. 2.) Marchese, who has been described as a co-founder of Reserve, is the Chairman of the Board of Directors of Reserve Media, Inc. and an investor-shareholder. (FAC ¶ 8.) In April 2016, EFI deposed Marchese in the Related Cased. EFI never sought leave to amend its counterclaims, add parties, or assert claims against Mr. Marchese in the Related Case.

On September 14, 2016, EFI filed the instant action seeking a declaration that Marchese is personally liable for any damages awarded against Reserve in the Related Case. (Dkt. 1 at ¶¶ 53, 60.) According to the First Amended Complaint, Marchese is personally liable for Reserve's alleged trademark infringement under theories of direct involvement (FAC ¶¶ 38-46) and alter ego liability (FAC ¶¶ 47-65). Marchese now moves to dismiss the action on the grounds that it is barred by the doctrine against claim-splitting. (Dkt. 21.)

**II. LEGAL STANDARD**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint

---

[1] The court grants Reserve's unopposed request that the court take judicial notice of the Scheduling Order in the related case, the joint agenda for telephonic discovery conference, and the court's Order regarding the telephonic discovery conference pursuant to Fed. R. Evid. 201.

2

1  need not include "detailed factual allegations," it must offer "more than an unadorned,
2  the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory
3  allegations or allegations that are no more than a statement of a legal conclusion "are not
4  entitled to the assumption of truth." *Id*. at 679.  In other words, a pleading that merely
5  offers "labels and conclusions," a "formulaic recitation of the elements," or "naked
6  assertions" will not be sufficient to state a claim upon which relief can be granted. *Id*. at
7  678 (citations and internal quotation marks omitted).

8  "When there are well-pleaded factual allegations, a court should assume their
9  veracity and then determine whether they plausibly give rise to an entitlement of relief."
10 *Id*. at 679. Plaintiff must allege "plausible grounds to infer" that their claims rise "above
11 the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states
12 a plausible claim for relief" is a "context-specific task that requires the reviewing court to
13 draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

14 **III. DISCUSSION**

15 In the instant action, EFI seeks a judicial determination that Joseph Marchese can
16 be held personally liable for any judgment that might be entered against Reserve in the
17 Related Case due to either Marchese's personal involvement in the alleged infringement
18 or a theory of alter ego liability. According to EFI, Federal Rule of Civil Procedure 69(a)
19 "'empowers federal courts to rely on state law to add judgment-debtors.'" (Opp'n 2-3
20 (quoting *In re Levander*, 180 F.3d 1114, 1120-21 (9th Cir. 1999)).) California law, in turn,
21 permits a court to amend a judgment to add judgment debtors, *see* Cal. Code Civ. P. §
22 187; *Frankston v. Aura Sys., Inc.*, 34 Fed. Appx. 547, 548 (9th Cir. 2002), including "the
23 authority to amend a judgment to add an alter ego of an original judgment debtor,"
24 *Highland Springs Conference & Training Ctr. v. City of Banning*, 244 Cal. App. 4th 267, 280
25 (2016). EFI acknowledges that, if the court enters a judgment against Reserve in the
26 Related Case, EFI can then move to amend that judgment to add Marchese. Nonetheless,
27 EFI seeks to address the issue of Marchese's liability through this separate action for
28

3

declaratory relief. Marchese argues that the instant action is barred by the doctrine against claim splitting.

### A. Doctrine Against Claim-Splitting

The doctrine against claim-splitting provides that a party is "'not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible.'" *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894) (quoting *Stark v. Starr*, 94 U.S. 477, 482 (1876)). The doctrine serves "to 'protect the Defendant from being harassed by repetitive actions based on the same claim' and to promote judicial economy and convenience." *Bojorquez v. Abercrombie & Fitch, Co.*, No. CV 15-9651 JGB (AGRx), 2016 WL 3693798, at *3 (C.D. Cal. June 16, 2016) (quoting *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995)).

To determine whether a suit is barred by the doctrine against claim-splitting, courts "borrow from the test for claim preclusion," and ask "whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2006). In assessing whether a suit is duplicative, the court must examine if "the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id*.

#### 1. Cause of Action and Relief Sought

In order to assess whether the causes of action and relief sought are the same, courts employ the four-prong transaction test, which asks: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." *Id*. at 1202. Thus, the court begins with the fourth prong.

1  The parties do not dispute that the two suits arise out of the same transactional nucleus of facts. (Mot. 4.) As EFI's Notice of Related Civil Case acknowledges: "The instant action seeks a declaration from the Court that Defendant Joe Marchese be held personally liable for the *same activities* that constitute infringement and unfair competition that are the subject of the [Related Case]." (Dkt. 4 at 2 (emphasis added).) Further, EFI's Complaint in this action details a number of the same facts as the Counterclaim in the Related Case, including allegations about Reserve's knowledge of EFI's marks, the marks Reserve chose to use, and infringing conduct both prior to and after incorporation. (*See* FAC ¶¶ 24-37.) While the FAC includes additional allegations about Marchese's specific actions in the course of Reserve's alleged infringement, the greater specificity of a subsequent complaint does not prove the two actions do not arise out of the same nucleus of facts. To the contrary, courts have concluded that asserting new legal theories does not preclude a finding of improper claim splitting. *See, e.g. Estrada v. City of San Luis*, 2008 WL 3286112, at *2 (D. Ariz., Aug. 7, 2008).

Turning to the first prong, whether rights established in a prior judgment would be impaired by the prosecution of a subsequent action, Marchese correctly notes that allowing both suits to proceed risks inconsistent judgment. The central issue in the Related Case is whether Reserve infringed on EFI's various trademarks incorporating the phrase "Reserve." Were the court to conclude that Reserve did not engage in any trademark infringement, the instant action would provide an avenue for EFI to undermine that determination by presenting a case that Marchese either directed Reserve to engage in trademark infringement or infringed himself as Reserve's alter ego. There is also the possibility that determinations in this action might have a preclusive effect on the Related Case. For instance, if the court concluded that Marchese was liable because he directed Reserve to engage trademark infringement, it would preclude Reserve from contending in the Related Case that it did not engage in trademark infringement.

The second prong asks whether substantially similar evidence will be presented in the two actions. The evidence need only be similar, not identical, for this factor to apply.

*See Forest Guardians v. Thomas*, 967 F. Supp. 1536, 1549 (D. Ariz. 1997). A review of the two complaints at issue suggests that both actions will require the presentation of substantially similar evidence concerning acts by Reserve that may have infringed on EFI's trademarks. Moreover, it appears that both actions may involve the presentation of evidence that EFI lacks valid and protectable trademarks, and thus might be precluded from bringing a claim for infringement. EFI responds that this prong is not satisfied because the evidence submitted in the instant action will focus more on arguments about Marchese's personal involvement in the alleged infringement and the alter ego allegations. On this point, EFI identifies thirteen factors that inform the alter ego analysis under California law and argues that it might present evidence as to any of those factors. (Opp'n 5-6.) While EFI accurately notes that the focus of the present suit is on Marchese's personal liability for trademark infringement, part of proving such a case will require submitting evidence that there was infringement for Marchese to direct or participate in. This evidence will invariably substantially overlap with the evidence presented in the Related Case. The fact that EFI might submit additional evidence concerning the alter ego theory only proves that the evidence in the two actions are not identical; it does alter the court's conclusion that evidence will be substantially similar.

Finally, as to the third prong, both actions involve infringement of the same right: EFI's asserted rights in its "Reserve" trademarks. EFI does not contest this point.

2. Parties or Privies

The second question in the claim-splitting analysis is whether "the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689. Drawing on the Supreme Court's claim preclusion doctrine, Marchese argues that one way to analyze privity is to look at whether "the nonparty was adequately represented in the prior litigation by someone with the same interests who was a party." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). Applying this frame, Marchese contends that employees are regularly found to be adequately represented by their employers in litigation. *See, e.g., MGA Entm't, Inc. v. Mattel, Inc.*, No. CV 11-1063 DOC (RNBx), 2011 WL 5007955, at *4 (C.D. Cal. Oct. 20, 2011)

(finding senior employee in privity with corporation for purposes of preclusion analysis); *see id.* (collecting cases). Moreover, as the Chairman of Reserve's Board of Directors, Marchese contends that he is adequately represented in the Related Case. Finally, Marchese notes that EFI's own FAC alleges that Marchese is liable under a theory of alter ego liability thus conceding the issue of privity. In its opposition, EFI concedes that Marchese "has been adequately represented by [Reserve] in the Related Case." (Opp'n 7.) EFI's only response to this prong of the claim-splitting inquiry is to note that its allegation of alter ego liability does not conclusively establish privity. Whether or not EFI's alter ego allegation alone is sufficient to establish privity, EFI's failure to contest Marchese's remaining contentions regarding privity leads the court to conclude that Marchese has adequately established privity for purposes of a claim-splitting analysis.

### 3. Appropriate Remedy

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688. While granting district court's discretion to select an appropriate remedy, the Ninth Circuit has also noted that "[d]ismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams*, 487 F.3d at 692 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). EFI asks the court to consider consolidating the instant action with the Related Case rather than dismissing the suit. Reserve argues, however, that consolidating the cases would allow EFI to circumvent the court's Scheduling Order, which set a deadline to add parties to the Related Case, as well as avoid the ordinary procedures for seeking leave to amend a complaint.

The equities of this case weigh in favor of dismissal. As the proceedings in the related case reflect, EFI was aware of Marchese's role in Reserve well in advance of the deadline to add parties to the case. (*Compare* RJN, Ex. 2 (noting Reserve's initial

1 disclosure of Joseph Marchese on October 30, 2015) *with* RJN, Ex. 1 (setting the deadline
2 to add parties for March 1, 2016).) Nonetheless, EFI never sought to add Marchese as a
3 party to the related case or requested an extension of the deadline to add parties.
4 Moreover, assuming EFI is able to secure a judgment against Reserve in the Related Case,
5 EFI itself suggests that Rule 69 would permit it to add Marchese to the judgment. EFI's
6 only explanation for why it filed a new case rather than pursue this post-judgment option
7 is to "avoid any due process concerns" and put Marchese on notice so that "he had a full
8 and fair opportunity to defend himself." (Opp'n 4.) Given that Marchese, himself,
9 acknowledges that his interests are adequately represented in the Related Case, there
10 appears to be no need to maintain this separate action. Moreover, dismissal of this case
11 "promotes judicial economy" and "serve[s] the societal interest in bringing an end to
12 disputes." *Adams*, 487 F.3d at 692–93. Thus, the court GRANTS Marchese's Motion and
13 DISMISSES this suit with prejudice.

### B. Request for Sanctions

In addition to dismissal, Marchese seeks sanctions against EFI's counsel for filing the instant action pursuant to 28 U.S.C. § 1927. Section 1927 provides in pertinent part that: "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 sanctions "must be supported by a finding of subjective bad faith." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002). This means that "if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *In re Keegan Mgmt. Co., Sec. Lit.*, 78 F.3d 431, 436 (9th Cir. 1996). "[R]eckless nonfrivolous filings, without more, may not be sanctioned." *B.K.B.* 276 F.3d at 1107.

Although EFI's position in this action was ultimately barred by the doctrine against claim-splitting, the court finds that the filing was not frivolous. There is precedent both for filing a successive collection action to enforce a judgment from a prior action, *see, e.g.*, *Sullivan v. Lumber Liquidators, Inc.*, No. 2:13-CV-00070-GMN, 2013 WL

8

4049102, at *2 (D. Nev. Aug. 9, 2013), and for invoking the Declaratory Judgment Act to determine a defendant's liability "in certain cases of unresolved contingencies." *Allied Prop. & Cas. Ins. Co. v. Roberts*, No. 2:11-CV-00740-MCE, 2011 WL 2496039, at *4 (E.D. Cal. June 21, 2011). The fact that these authorities do not ultimately save EFI's case does not mean the instant action was frivolous. Thus, sanctions are only justified if EFI brought the instant action with the intent to harass.

Marchese argues that EFI's harassing intent is evinced by the fact that EFI was informed its claims were barred by the doctrine against claim splitting in the course of meet-and-confer process but continued to pursue the case, that EFI did not notify Marchese prior to filing its First Amended Complaint, and that EFI raised arguments in the instant action that the "RESERVE INTERACTIVE" word mark was protectable contrary to the court's determination in the Related Case. These contentions do not satisfy the subjective bad faith standard required to impose sanctions. Given the court's determination that EFI's position was not frivolous, it follows that EFI was not required to immediately abandon its position in the face of argument from Marchese's counsel in the meet-and-confer process. Likewise, EFI "may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1)(B). Here, EFI amended its pleading seven days after being served with Marchese's first motion to dismiss and neither the federal rule nor local rules require EFI to inform Marchese before filing its first amended pleading. Finally, although EFI's effort to relitigate determinations from the Related Case counsel in favor of barring the subsequent action, the court does not find that it was intended in bad faith. Thus, the court DENIES Marchese's Motion for Sanctions.

**IV. CONCLUSION**

For the reasons stated above, the court GRANTS Defendant Joseph Marchese's Motion to Dismiss the First Amended Complaint and DENIES the Motion for Sanctions

Against Plaintiff's Counsel. The case is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: December 6, 2016

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE