O

1

2

3

4

5                                       JS-6

6

7

8

9
                        UNITED STATES DISTRICT COURT
10
                       CENTRAL DISTRICT OF CALIFORNIA
11

12   EFFICIENT FRONTIERS, INC.,          )  Case No.  CV 16-06920 DDP (AGRx)
13                                        )
                       Plaintiff,         )  **ORDER GRANTING MOTION TO**
14                                        )  **DISMISS**
15        v.                              )
                                          )  [Dkt. 21]
16   JOSEPH MARCHESE, ET AL.,             )
17                                        )
                       Defendants.        )
18

19

20        Presently before the court is Defendant Joseph Marchese's Motion to Dismiss the

21   First Amended Complaint and for Sanctions Against Plaintiff's Counsel Pursuant to 28

22   U.S.C. § 1927. After considering the parties' submissions and hearing oral argument, the

23   court grants the motion and adopts the following Order.

24   **I. BACKGROUND**

25        On July 7, 2015, Reserve Media, Inc. ("Reserve") filed suit against Efficient

26   Frontiers, Inc. ("EFI") seeking declaratory relief that its use of the term "RESERVE" does

27   not infringe on any valid trademark rights of EFI or otherwise violate EFI's rights. *See*

28   *Reserve Media, Inc. v. Efficient Frontiers, Inc.*, Case No. CV 15-5072 DDP (AGRx) (the

1    "Related Case"). In the course of that ligation, EFI brought a counterclaim against

2    Reserve asserting, *inter alia*, claims of trademark infringement. (*See* Dkt. 18-3.) According

3    to the Scheduling Order issued in the Related Case, the deadline to amend pleadings or

4    add parties was March 1, 2016. (*See* Request for Judicial Notice ("RJN"), Ex. 1.)[1] Further,

5    trial was scheduled to commence on December 13, 2016. (*Id.*)

6         On October 30, 2015, Reserve identified Joseph Marchese in its initial disclosures.

7    (RJN, Ex. 2.) Marchese, who has been described as a co-founder of Reserve, is the

8    Chairman of the Board of Directors of Reserve Media, Inc. and an investor-shareholder.

9    (FAC ¶ 8.) In April 2016, EFI deposed Marchese in the Related Cased. EFI never sought

10   leave to amend its counterclaims, add parties, or assert claims against Mr. Marchese in

11   the Related Case.

12        On September 14, 2016, EFI filed the instant action seeking a declaration that

13   Marchese is personally liable for any damages awarded against Reserve in the Related

14   Case. (Dkt. 1 at ¶¶ 53, 60.) According to the First Amended Complaint, Marchese is

15   personally liable for Reserve's alleged trademark infringement under theories of direct

16   involvement (FAC ¶¶ 38-46) and alter ego liability (FAC ¶¶ 47-65). Marchese now moves

17   to dismiss the action on the grounds that it is barred by the doctrine against claim-

18   splitting. (Dkt. 21.)

19   **II. LEGAL STANDARD**

20        A complaint will survive a motion to dismiss when it contains "sufficient factual

21   matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

22   *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

23   (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all

24   allegations of material fact and must construe those facts in the light most favorable to

25   the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint

26   _____

27   [1] The court grants Reserve's unopposed request that the court take judicial notice of the
     Scheduling Order in the related case, the joint agenda for telephonic discovery

28   conference, and the court's Order regarding the telephonic discovery conference
     pursuant to Fed. R. Evid. 201.

1    need not include "detailed factual allegations," it must offer "more than an unadorned,

2    the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory

3    allegations or allegations that are no more than a statement of a legal conclusion "are not

4    entitled to the assumption of truth." *Id*. at 679.  In other words, a pleading that merely

5    offers "labels and conclusions," a "formulaic recitation of the elements," or "naked

6    assertions" will not be sufficient to state a claim upon which relief can be granted. *Id*. at

7    678 (citations and internal quotation marks omitted).

8         "When there are well-pleaded factual allegations, a court should assume their

9    veracity and then determine whether they plausibly give rise to an entitlement of relief."

10   *Id*. at 679. Plaintiff must allege "plausible grounds to infer" that their claims rise "above

11   the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states

12   a plausible claim for relief" is a "context-specific task that requires the reviewing court to

13   draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

14   **III. DISCUSSION**

15        In the instant action, EFI seeks a judicial determination that Joseph Marchese can

16   be held personally liable for any judgment that might be entered against Reserve in the

17   Related Case due to either Marchese's personal involvement in the alleged infringement

18   or a theory of alter ego liability. According to EFI, Federal Rule of Civil Procedure 69(a)

19   "'empowers federal courts to rely on state law to add judgment-debtors.'" (Opp'n 2-3

20   (quoting *In re Levander*, 180 F.3d 1114, 1120-21 (9th Cir. 1999)).) California law, in turn,

21   permits a court to amend a judgment to add judgment debtors, *see* Cal. Code Civ. P. §

22   187; *Frankston v. Aura Sys., Inc.*, 34 Fed. Appx. 547, 548 (9th Cir. 2002), including "the

23   authority to amend a judgment to add an alter ego of an original judgment debtor,"

24   *Highland Springs Conference & Training Ctr. v. City of Banning*, 244 Cal. App. 4th 267, 280

25   (2016). EFI acknowledges that, if the court enters a judgment against Reserve in the

26   Related Case, EFI can then move to amend that judgment to add Marchese. Nonetheless,

27   EFI seeks to address the issue of Marchese's liability through this separate action for

28

3

1    declaratory relief. Marchese argues that the instant action is barred by the doctrine

2    against claim splitting.

3          **A.  Doctrine Against Claim-Splitting**

4          The doctrine against claim-splitting provides that a party is "'not at liberty to split

5    up his demand, and prosecute it by piecemeal, or present only a portion of the grounds

6    upon which special relief is sought, and leave the rest to be presented in a second suit, if

7    the first fail. There would be no end to litigation if such a practice were permissible.'"

8    *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894) (quoting *Stark v. Starr*, 94 U.S.

9    477, 482 (1876)). The doctrine serves "to 'protect the Defendant from being harassed by

10   repetitive actions based on the same claim' and to promote judicial economy and

11   convenience." *Bojorquez v. Abercrombie & Fitch, Co.*, No. CV 15-9651 JGB (AGRx), 2016 WL

12   3693798, at *3 (C.D. Cal. June 16, 2016) (quoting *Clements v. Airport Auth. of Washoe Cnty.*,

13   69 F.3d 321, 328 (9th Cir. 1995)).

14         To determine whether a suit is barred by the doctrine against claim-splitting,

15   courts "borrow from the test for claim preclusion," and ask "whether, assuming that the

16   first suit were already final, the second suit could be precluded pursuant to claim

17   preclusion." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2006).

18   In assessing whether a suit is duplicative, the court must examine if "the causes of action

19   and relief sought, as well as the parties or privies to the action, are the same." *Id*.

20               1.  Cause of Action and Relief Sought

21         In order to assess whether the causes of action and relief sought are the same,

22   courts employ the four-prong transaction test, which asks: "(1) whether rights or interests

23   established in the prior judgment would be destroyed or impaired by prosecution of the

24   second action; (2) whether substantially the same evidence is presented in the two

25   actions; (3) whether the two suits involve infringement of the same right; and (4) whether

26   the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans*

27   *World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most

28   important." *Id*. at 1202. Thus, the court begins with the fourth prong.

1    The parties do not dispute that the two suits arise out of the same transactional

2    nucleus of facts. (Mot. 4.) As EFI's Notice of Related Civil Case acknowledges: "The

3    instant action seeks a declaration from the Court that Defendant Joe Marchese be held

4    personally liable for the *same activities* that constitute infringement and unfair

5    competition that are the subject of the [Related Case]." (Dkt. 4 at 2 (emphasis added).)

6    Further, EFI's Complaint in this action details a number of the same facts as the

7    Counterclaim in the Related Case, including allegations about Reserve's knowledge of

8    EFI's marks, the marks Reserve chose to use, and infringing conduct both prior to and

9    after incorporation. (*See* FAC ¶¶ 24-37.) While the FAC includes additional allegations

10   about Marchese's specific actions in the course of Reserve's alleged infringement, the

11   greater specificity of a subsequent complaint does not prove the two actions do not arise

12   out of the same nucleus of facts. To the contrary, courts have concluded that asserting

13   new legal theories does not preclude a finding of improper claim splitting. *See, e.g.*

14   *Estrada v. City of San Luis*, 2008 WL 3286112, at *2 (D. Ariz., Aug. 7, 2008).

15   Turning to the first prong, whether rights established in a prior judgment would

16   be impaired by the prosecution of a subsequent action, Marchese correctly notes that

17   allowing both suits to proceed risks inconsistent judgment. The central issue in the

18   Related Case is whether Reserve infringed on EFI's various trademarks incorporating the

19   phrase "Reserve." Were the court to conclude that Reserve did not engage in any

20   trademark infringement, the instant action would provide an avenue for EFI to

21   undermine that determination by presenting a case that Marchese either directed Reserve

22   to engage in trademark infringement or infringed himself as Reserve's alter ego. There is

23   also the possibility that determinations in this action might have a preclusive effect on

24   the Related Case. For instance, if the court concluded that Marchese was liable because

25   he directed Reserve to engage trademark infringement, it would preclude Reserve from

26   contending in the Related Case that it did not engage in trademark infringement.

27   The second prong asks whether substantially similar evidence will be presented in

28   the two actions. The evidence need only be similar, not identical, for this factor to apply.

1    *See Forest Guardians v. Thomas*, 967 F. Supp. 1536, 1549 (D. Ariz. 1997). A review of the

2    two complaints at issue suggests that both actions will require the presentation of

3    substantially similar evidence concerning acts by Reserve that may have infringed on

4    EFI's trademarks. Moreover, it appears that both actions may involve the presentation of

5    evidence that EFI lacks valid and protectable trademarks, and thus might be precluded

6    from bringing a claim for infringement. EFI responds that this prong is not satisfied

7    because the evidence submitted in the instant action will focus more on arguments about

8    Marchese's personal involvement in the alleged infringement and the alter ego

9    allegations. On this point, EFI identifies thirteen factors that inform the alter ego analysis

10   under California law and argues that it might present evidence as to any of those factors.

11   (Opp'n 5-6.) While EFI accurately notes that the focus of the present suit is on Marchese's

12   personal liability for trademark infringement, part of proving such a case will require

13   submitting evidence that there was infringement for Marchese to direct or participate in.

14   This evidence will invariably substantially overlap with the evidence presented in the

15   Related Case. The fact that EFI might submit additional evidence concerning the alter ego

16   theory only proves that the evidence in the two actions are not identical; it does alter the

17   court's conclusion that evidence will be substantially similar.

18          Finally, as to the third prong, both actions involve infringement of the same right:

19   EFI's asserted rights in its "Reserve" trademarks. EFI does not contest this point.

20                    2.   Parties or Privies

21          The second question in the claim-splitting analysis is whether "the parties or

22   privies to the action, are the same." *Adams*, 487 F.3d at 689. Drawing on the Supreme

23   Court's claim preclusion doctrine, Marchese argues that one way to analyze privity is to

24   look at whether "the nonparty was adequately represented in the prior litigation by

25   someone with the same interests who was a party." *Taylor v. Sturgell*, 553 U.S. 880, 894

26   (2008). Applying this frame, Marchese contends that employees are regularly found to be

27   adequately represented by their employers in litigation. *See, e.g., MGA Entm't, Inc. v.*

28   *Mattel, Inc.*, No. CV 11-1063 DOC (RNBx), 2011 WL 5007955, at *4 (C.D. Cal. Oct. 20, 2011)

1    (finding senior employee in privity with corporation for purposes of preclusion analysis);

2    *see id.* (collecting cases). Moreover, as the Chairman of Reserve's Board of Directors,

3    Marchese contends that he is adequately represented in the Related Case. Finally,

4    Marchese notes that EFI's own FAC alleges that Marchese is liable under a theory of alter

5    ego liability thus conceding the issue of privity. In its opposition, EFI concedes that

6    Marchese "has been adequately represented by [Reserve] in the Related Case." (Opp'n 7.)

7    EFI's only response to this prong of the claim-splitting inquiry is to note that its

8    allegation of alter ego liability does not conclusively establish privity. Whether or not

9    EFI's alter ego allegation alone is sufficient to establish privity, EFI's failure to contest

10   Marchese's remaining contentions regarding privity leads the court to conclude that

11   Marchese has adequately established privity for purposes of a claim-splitting analysis.

12                    3.   Appropriate Remedy

13           "After weighing the equities of the case, the district court may exercise its

14   discretion to dismiss a duplicative later-filed action, to stay that action pending

15   resolution of the previously filed action, to enjoin the parties from proceeding with it, or

16   to consolidate both actions." *Adams*, 487 F.3d at 688. While granting district court's

17   discretion to select an appropriate remedy, the Ninth Circuit has also noted that

18   "[d]ismissal of the duplicative lawsuit, more so than the issuance of a stay or the

19   enjoinment of proceedings, promotes judicial economy and the 'comprehensive

20   disposition of litigation.'" *Adams*, 487 F.3d at 692 (quoting *Kerotest Mfg. Co. v. C–O–Two*

21   *Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). EFI asks the court to consider consolidating the

22   instant action with the Related Case rather than dismissing the suit. Reserve argues,

23   however, that consolidating the cases would allow EFI to circumvent the court's

24   Scheduling Order, which set a deadline to add parties to the Related Case, as well as

25   avoid the ordinary procedures for seeking leave to amend a complaint.

26           The equities of this case weigh in favor of dismissal. As the proceedings in the

27   related case reflect, EFI was aware of Marchese's role in Reserve well in advance of the

28   deadline to add parties to the case. (*Compare* RJN, Ex. 2 (noting Reserve's initial

1    disclosure of Joseph Marchese on October 30, 2015) *with* RJN, Ex. 1 (setting the deadline

2    to add parties for March 1, 2016).) Nonetheless, EFI never sought to add Marchese as a

3    party to the related case or requested an extension of the deadline to add parties.

4    Moreover, assuming EFI is able to secure a judgment against Reserve in the Related Case,

5    EFI itself suggests that Rule 69 would permit it to add Marchese to the judgment. EFI's

6    only explanation for why it filed a new case rather than pursue this post-judgment option

7    is to "avoid any due process concerns" and put Marchese on notice so that "he had a full

8    and fair opportunity to defend himself." (Opp'n 4.) Given that Marchese, himself,

9    acknowledges that his interests are adequately represented in the Related Case, there

10   appears to be no need to maintain this separate action. Moreover, dismissal of this case

11   "promotes judicial economy" and "serve[s] the societal interest in bringing an end to

12   disputes." *Adams*, 487 F.3d at 692–93. Thus, the court GRANTS Marchese's Motion and

13   DISMISSES this suit with prejudice.

14          **B.  Request for Sanctions**

15          In addition to dismissal, Marchese seeks sanctions against EFI's counsel for filing

16   the instant action pursuant to 28 U.S.C. § 1927. Section 1927 provides in pertinent part

17   that: "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and

18   vexatiously may be required by the court to satisfy personally the excess costs, expenses,

19   and attorneys' fees reasonably incurred because of such conduct." Section 1927 sanctions

20   "must be supported by a finding of subjective bad faith." *B.K.B. v. Maui Police Dept.*, 276

21   F.3d 1091, 1107 (9th Cir. 2002). This means that "if a filing is submitted recklessly, it must

22   be frivolous, while if it is not frivolous, it must be intended to harass." *In re Keegan Mgmt.*

23   *Co., Sec. Lit.*, 78 F.3d 431, 436 (9th Cir. 1996). "[R]eckless nonfrivolous filings, without

24   more, may not be sanctioned." *B.K.B.* 276 F.3d at 1107.

25          Although EFI's position in this action was ultimately barred by the doctrine

26   against claim-splitting, the court finds that the filing was not frivolous. There is

27   precedent both for filing a successive collection action to enforce a judgment from a prior

28   action, *see, e.g.*, *Sullivan v. Lumber Liquidators, Inc.*, No. 2:13-CV-00070-GMN, 2013 WL

1   4049102, at *2 (D. Nev. Aug. 9, 2013), and for invoking the Declaratory Judgment Act to

2   determine a defendant's liability "in certain cases of unresolved contingencies." *Allied*

3   *Prop. & Cas. Ins. Co. v. Roberts*, No. 2:11-CV-00740-MCE, 2011 WL 2496039, at *4 (E.D. Cal.

4   June 21, 2011). The fact that these authorities do not ultimately save EFI's case does not

5   mean the instant action was frivolous. Thus, sanctions are only justified if EFI brought

6   the instant action with the intent to harass.

7         Marchese argues that EFI's harassing intent is evinced by the fact that EFI was

8   informed its claims were barred by the doctrine against claim splitting in the course of

9   meet-and-confer process but continued to pursue the case, that EFI did not notify

10   Marchese prior to filing its First Amended Complaint, and that EFI raised arguments in

11   the instant action that the "RESERVE INTERACTIVE" word mark was protectable

12   contrary to the court's determination in the Related Case. These contentions do not

13   satisfy the subjective bad faith standard required to impose sanctions. Given the court's

14   determination that EFI's position was not frivolous, it follows that EFI was not required

15   to immediately abandon its position in the face of argument from Marchese's counsel in

16   the meet-and-confer process. Likewise, EFI "may amend its pleading once as a matter of

17   course within . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P.

18   15(a)(1)(B). Here, EFI amended its pleading seven days after being served with

19   Marchese's first motion to dismiss and neither the federal rule nor local rules require EFI

20   to inform Marchese before filing its first amended pleading. Finally, although EFI's effort

21   to relitigate determinations from the Related Case counsel in favor of barring the

22   subsequent action, the court does not find that it was intended in bad faith. Thus, the

23   court DENIES Marchese's Motion for Sanctions.

24

25   **IV. CONCLUSION**

26         For the reasons stated above, the court GRANTS Defendant Joseph Marchese's

27   Motion to Dismiss the First Amended Complaint and DENIES the Motion for Sanctions

28

1          Against Plaintiff's Counsel. The case is DISMISSED with prejudice.

2

3    **IT IS SO ORDERED.**

4

5

6    Dated:  December 6, 2016

7

8                                              _____
                                                       DEAN D. PREGERSON
9                                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10